UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED

07 SEP 27 PM 2: 30

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ORMOND RESTAURANT CONCEPTS, INC. D/B/A FROGGER'S GRILL AND BAR, and AEM, INC. D/B/A/ MIRABILIS HR,<br><br>Defendants. | CIVIL ACTION NO.<br><br>COMPLAINT<br>JURY TRIAL DEMAND<br><br>INJUNCTIVE RELIEF REQUESTED<br><br>6:07-CV-1549-ORL-19UAM |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, female, and retaliation and to provide appropriate relief due to Deann Arcodia, Nicole Cox, Patrick Gould and a class of similarly situated women who were adversely affected by such practices. As stated with greater particularity in the paragraphs below, the United States Equal Employment Opportunity Commission (hereinafter the "EEOC" or "Commission") alleges that Ms. Arcodia, Ms. Cox, and a class of similarly situated women were sexually harassed at Defendants' place of business in Ormond Beach, FL. The Commission further alleges that Defendants retaliated against Mr. Gould for engaging in a protected activity.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) ("Title

VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida, Orlando Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Ormond Restaurant Concepts Inc. d/b/a Frogger's Grill and Bar ("Frogger's") has been a Florida corporation continuously doing business in the State of Florida and the City of Ormond Beach, and has continuously had at least 15 employees.

5. At all relevant times, Defendant AEM, Inc. d/b/a Mirabilis HR ("Mirabilis") provided human resource services and was a co-employer of individuals working at Frogger's. Mirabilis has continuously been a Florida corporation continuously doing business in the State of Florida and the City of Orlando, and has continuously had at least 15 employees.

6. At all relevant times, Defendant Frogger's has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-(b), (g) and (h).

7. At all relevant times, Defendant Mirabilis has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of

Title VII, 42 U.S.C. §§ 2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

8.    More than thirty days prior to the institution of this lawsuit, Deann Acordia, Nicole Cox, and Patrick Gould each filed charges with the Commission alleging violations of Title VII by Defendant Employers. All conditions precedent to the institution of this lawsuit have been fulfilled.

9.    Since at least August 2006, Defendants Frogger's and Mirabilis (collectively "Employers") have engaged in unlawful employment practices at their Ormond Beach, Florida facility in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. § 2000e-2(a) and §2000e-3(a).

10.    Ms. Arcodia, Ms. Cox, and similarly situated females were regularly subjected to sexual harassment by one of Frogger's owners, Scott Daniels, in the form of unwelcome verbal comments and inappropriate touching which was sufficiently severe and pervasive to constitute an intimidating, hostile and offensive work environment.

    a)    The sexually offensive conduct included, but was not limited to, frequent, derogatory sexual slurs and comments such as "when are we going to have sex"; telling the women that they aroused him; asking whether Arcodia had broken up with her boyfriend; trying to kiss the women; grabbing the female employees' breasts; taking a photo underneath Arcodia's skirt; stroking the women's hair; putting his hands under Cox's pants; staring at the female employees' legs; touching their buttocks; cornering the women; and touching them inappropriately behind closed doors.

    b)    Ms. Arcodia, Ms. Cox, and Mr. Gould complained to Frogger's

management, co-owner Paul Smith, and to Defendant Mirabilis about the unlawful conduct. However, the sexual harassment persisted because Defendants failed to take corrective action.

    c)  Defendant Employers are jointly and severally liable for the unlawful sexual harassment to which they subjected Ms. Arcodia, Ms. Cox, and other similarly situated females during their employment.

    d)  Despite complaints to management, the harassment persisted. As a result of the continuing sexual harassment, the employment conditions of Ms. Arcodia, Ms. Cox, and other similarly situated individuals became so intolerable that they were forced to resign their positions.

  11.  Defendant Employers unlawfully retaliated against Patrick Gould, Frogger's General Manager, for engaging in protected activity. Specifically, Defendant Employers retaliated against Mr. Gould after he complained to management about what he reasonably believed to be unlawful employment practices.

  12.  Defendant Employers started to undermine Mr. Gould's authority by excluding him from management meetings and decisions, and taking away his duties and responsibilities. On November 16, 2006, Mr. Gould was compelled to resign because his authority was undermined and he felt he was being pushed out because of the complaints he had made.

  13.  Defendant Employers are jointly and severally liable for the unlawful retaliation to which they subjected Mr. Gould after he complained about what he reasonably believed to be unlawful employment practices.

  14.  The effect of the unlawful employment practices complained of in paragraphs 10 through 13 above has been to deprive Deann Acordia, Nicole Cox, Patrick Gould, and other

similarly situated individuals of equal employment opportunities, and otherwise adversely affect their status as employees because of their sex and/or in retaliation for opposing unlawful employment practices.

15. The unlawful employment practices complained of in paragraphs 10 through 13 above were intentional.

16. The unlawful employment practices complained of in paragraphs 10 through 13 above were done with malice or with reckless indifference to the federally protected rights of Deann Acordia, Nicole Cox, Patrick Gould, and any other similarly situated individuals.

## PRAYER FOR RELIEF

Wherefore, the Commission requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employers, their officers, successors, assigns and all persons in active concert or participation with them, from engaging in unlawful retaliation, sexual harassment, or any other employment practice which discriminates on the basis of sex or retaliation.

B. Grant a permanent injunction enjoining Defendant Employers, their officers, successors, assigns and all persons in active concert or participation with them, from retaliating against any employee for participating in protected activity.

C. Order Defendant Employers to institute and carry out policies, practices, and programs which provide equal employment opportunities for all their employees regardless of sex, or having engaged in a protected activity, which eradicate the effects of their past and present unlawful employment practices.

D. Order Defendant Employers to make whole Deann Acordia, Nicole Cox, Patrick

Gould, and any other similarly situated individuals, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to, reinstatement, rightful-place hiring, job search expenses and/or front pay.

E.   Order Defendant Employers to make whole Deann Acordia, Nicole Cox, Patrick Gould, and any other similarly situated individuals, by providing compensation for past and future pecuniary losses resulting from the employment practices described in paragraphs 10 through 13 above, including but not limited to, out-of-pocket losses and medical expenses, in amounts to be determined at trial.

F.   Order Defendant Employers to make whole Deann Acordia, Nicole Cox, Patrick Gould, and any other similarly situated individuals, by providing compensation for past and future nonpecuniary losses resulting from the employment practices described in paragraphs 10 through 13 above, including but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

G.   Order Defendant Employers to pay punitive damages for its malicious and reckless conduct described in paragraphs 10 through 13 above, in an amount to be determined at trial.

H.   Grant such further relief as the Court deems necessary and proper in the public interest.

I.   Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully Submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

NORA E. CURTIN
Regional Attorney

_____
CHERYL A. COOPER
Florida Bar No. 0171591
U.S. Equal Employment Opportunity Commission
Miami District Office
One Biscayne Tower, Suite 2700
Two South Biscayne Boulevard
Miami, FL  33131-1805
Tel.: (305) 808-1786 Direct
Tel.: (305) 808-1853 Main
Fax: (305) 808-1835
cheryl.cooper@eeoc.gov