UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

        Plaintiff,

v.

ORMOND RESTAURANT CONCEPTS, INC.
D/B/A FROGGER'S GRILL AND BAR and
AEM, INC. D/B/A MIRABILIS HR,

        Defendants.
_____/

CIVIL ACTION

Case No. 6:07-CV-1549-ORL-19UAM

**DEFENDANT AEM, INC. D/B/A MIRABILIS HR'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, AEM, Inc. d/b/a Mirabilis HR ("AEM"), by and through its undersigned counsel, hereby files its answer and affirmative defenses in response and objection to the complaint filed by Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC").

**ANSWER**

AEM answers Plaintiff's complaint as follows:

**NATURE OF THE ACTION**

AEM admits Plaintiff attempts to assert claims of sex discrimination and retaliation against AEM under Title VII of the Civil Rights Act of 1964 ("Title VII"). AEM is without knowledge regarding the allegations concerning the alleged "similarly situated" women because such persons are not specifically identified in the complaint. AEM denies it is or was an employer of Ms. Arcodia, Ms. Cox, Mr. Gould, or any persons employed by

- 2 -

Frogger's or who may be considered a "similarly situated" woman. AEM further denies it engaged in any unlawful conduct or wrongdoing regarding Ms. Arcodia, Ms. Cox, Mr. Gould, and any other individual, and denies it violated Title VII or any other law. AEM denies all the allegations, inferences, and legal conclusions in the Nature of the Action paragraph of Plaintiff's complaint.

## JURISDICTION AND VENUE

1. AEM admits Plaintiff seeks relief pursuant to Title VII, and this Court appears to have subject matter jurisdiction over Plaintiff's claims. AEM denies it engaged in the alleged conduct that gives rise to this lawsuit and denies it engaged in any wrongdoing. AEM denies all the remaining allegations, inferences, and legal conclusions in paragraph no. 1 of Plaintiff's complaint.

2. AEM admits venue in the Orlando Division of the Middle District of Florida appears to be proper. AEM denies it engaged in the alleged conduct that gives rise to this lawsuit, and denies it engaged in any unlawful conduct. AEM denies all the remaining allegations, inferences, and legal conclusions in paragraph no. 2.

## PARTIES

3. AEM admits the EEOC is charged with the administration, interpretation, and enforcement of Title VII and is authorized to file this action against Defendant Ormond Restaurant Concepts, Inc., d/b/a Frogger's Grill and Bar ("Frogger's") as the single employer and assumed to be named in the charges of discrimination. AEM denies it engaged in the alleged conduct that gives rise to this lawsuit or unlawful conduct, and denies all the remaining allegations, inferences, and legal conclusions in paragraph no. 3.

4. AEM is unsure as to what constitutes "at all relevant times." AEM admits that Frogger's was doing business in the State of Florida and the City of Ormond Beach, and had at least 15 employees. AEM is without sufficient information or knowledge with regard to the remaining allegations in paragraph no. 4 and, therefore, denies the remaining allegations, inferences, and legal conclusions in paragraph no. 4.

5. AEM is unsure as to what constitutes "at all relevant times." AEM admits that for a period of time, it continuously had at least 15 employees, and once provided certain human resource services to Frogger's. AEM is a dissolved corporation and denies that it is currently a Florida corporation doing business in the State of Florida, the City of Orlando, or anywhere else. AEM denies that it was ever an employer, co-employer or joint employer of Ms. Arcodia, Ms. Cox, Mr. Gould, or any persons employed by Frogger's or who are considered "similarly situated" individuals. AEM denies the remaining allegations, inferences, and legal conclusions in paragraph no. 5.

6. AEM is without sufficient information or knowledge with regard to the allegations in paragraph no. 6 and, therefore, denies the allegations, inferences, and legal conclusions in paragraph no. 6.

7. AEM is unsure as to what constitutes "at all relevant times." AEM admits it was an employer to the persons employed with AEM. AEM denies that it was ever an employer, co-employer or joint employer of Ms. Arcodia, Ms. Cox, Mr. Gould, or any persons employed by Frogger's or who are considered "similarly situated" individuals. AEM denies the remaining allegations, inferences, and legal conclusions in paragraph no. 7.

## STATEMENT OF CLAIMS

8. AEM denies the allegation that more than thirty days prior to the institution of this lawsuit, Deann Arcodia, Nicole Cox, and Patrick Gould each filed charges of discrimination with the EEOC against AEM alleging violations of Title VII, and that all conditions precedent to the institution of this lawsuit against AEM have been fulfilled. AEM denies it engaged in the alleged conduct that violates Title VII or any unlawful conduct, and denies the remaining allegations, inferences, and legal conclusions in paragraph no. 8 that concern AEM. AEM is without sufficient information or knowledge with regard to the allegations in paragraph no. 8 that concern Frogger's.

9. AEM denies that it was or is the "employer" as alleged, and denies that it engaged in any unlawful employment practices that violate Title VII or any unlawful conduct, and denies the remaining allegations, inferences, and legal conclusions in paragraph no. 9 that concern AEM. AEM is without sufficient information or knowledge with regard to the allegations in paragraph no. 9 that concern Frogger's.

10. AEM is without knowledge regarding the allegations concerning the alleged "similarly situated" females because such persons are not specifically identified in the complaint. AEM denies that it engaged or was involved in any way with any of the alleged unlawful conduct set forth in paragraph 10 or any unlawful conduct. AEM denies the remaining allegations, inferences, and legal conclusions in paragraph no. 10 that concern AEM. AEM is without sufficient information or knowledge with regard to the allegations in paragraph no. 10 that concern Frogger's.

- 5 -

10 (a).  AEM denies that it engaged or was involved in any way with any of the alleged unlawful conduct set forth in paragraph 10 (a) or any unlawful conduct.  AEM denies the remaining allegations, inferences, and legal conclusions in paragraph no. 10 (a) that concern AEM.  AEM is without sufficient knowledge with regard to the allegations in paragraph no. 10 (a) that concern Frogger's.

10 (b).  AEM denies that it engaged or was involved in any way with any of the alleged unlawful conduct set forth in paragraph 10 (b) or any unlawful conduct.  AEM denies that "Ms. Arcodia, Ms. Cox, and Mr. Gould complained to Mirabilis about the alleged unlawful conduct."  AEM also denies it had the authority to take corrective action.  AEM denies the remaining allegations as alleged, inferences, and legal conclusions in paragraph no. 10 (b) that concern AEM.  AEM is without sufficient information or knowledge with regard to the allegations in paragraph no. 10 (b) that concern Frogger's.

10 (c).  AEM is without knowledge regarding the allegations concerning the alleged "similarly situated" women because such persons are not specifically identified in the complaint.  AEM denies that it was or is an "employer" as alleged, and denies it can be held responsible or liable for any of the alleged unlawful conduct.  Further, AEM denies that it engaged or was involved in any way with any of the alleged unlawful conduct set forth in paragraph 10 (a-b) or any unlawful conduct.  AEM denies the remaining allegations, inferences, and legal conclusions in paragraph no. 10 (c) that concern AEM.  AEM is without sufficient information or knowledge with regard to the allegations in paragraph no. 10 (c) that concern Frogger's.

- 6 -

10 (d).   AEM is without knowledge regarding the allegations concerning the alleged "similarly situated" females because such persons are not specifically identified in the complaint.  AEM denies that it was part of "management" as alleged.  Further, AEM denies that it engaged or was involved in any way with any of the alleged unlawful conduct set forth in paragraphs 10 (a-b) or any unlawful conduct.  AEM denies the remaining allegations, inferences, and legal conclusions in paragraph no. 10 (d) that concern AEM.  AEM is without sufficient information or knowledge with regard to the allegations in paragraph no. 10 (d) that concern Frogger's.

11.   AEM denies that it was Patrick Gould's employer, or a joint or co-employer with Frogger's, and denies it had the authority to take any adverse employment action against Mr. Gould.  Further, AEM denies that it engaged or was involved in any way with any of the alleged unlawful conduct set forth in paragraph no. 11 or any unlawful conduct.  AEM denies the remaining allegations, inferences, and legal conclusions in paragraph no. 11 that concern AEM.  AEM is without sufficient information or knowledge with regard to the allegations in paragraph no. 11 that concern Mr. Gould or concern Frogger's.

12.   AEM denies that it was Patrick Gould's employer, or a joint or co-employer with Frogger's and denies it had the authority to take any adverse employment action against Mr. Gould.  Further, AEM denies that it engaged or was involved in any way with any of the alleged unlawful conduct set forth in paragraph no. 12 or any unlawful conduct.  AEM denies the remaining allegations, inferences, and legal conclusions in paragraph no. 12 that concern AEM.  AEM is without sufficient information or knowledge with regard to the allegations in paragraph no. 12 that concern Mr. Gould or concern Frogger's.

13. AEM denies that it was Patrick Gould's employer, or a joint or co-employer with Frogger's, denies it had the authority to take any adverse employment action against Mr. Gould, and denies that can be liable for any actions alleged in this lawsuit. Further, AEM denies that it engaged or was involved in any way with any of the alleged unlawful conduct set forth in paragraph no. 13 or any unlawful conduct. AEM denies the remaining allegations, inferences, and legal conclusions in paragraph no. 13 that concern AEM. AEM is without sufficient information or knowledge with regard to the allegations in paragraph no. 13 that concern Mr. Gould or Frogger's.

14. AEM is without knowledge regarding the allegations concerning the alleged "similarly situated" individuals because such persons are not specifically identified in the complaint. AEM denies that it was the employer of Deann Arcodia, Nicole Cox, Patrick Gould, or any persons employed by Frogger's or who are considered "similarly situated" individuals. Further, AEM denies that it engaged or was involved in any way with any of the alleged unlawful conduct set forth in paragraphs 10-14 or any unlawful conduct. AEM denies the remaining allegations, inferences, and legal conclusions in paragraph no. 14 that concern AEM. AEM is without sufficient information or knowledge with regard to the allegations in paragraph no. 14 that concern Frogger's.

15. AEM denies that it engaged or was involved in any way with any of the alleged unlawful conduct set forth in paragraphs 10-14 or any unlawful conduct. AEM denies the remaining allegations, inferences, and legal conclusions in paragraph no. 15 that concern AEM. AEM is without sufficient information or knowledge with regard to the allegations in paragraph no. 15 that concerns Frogger's.

16. AEM is without knowledge regarding the allegations concerning the alleged "similarly situated" individuals because such persons are not specifically identified in the complaint. AEM denies that it was the employer of Deann Arcodia, Nicole Cox, Patrick Gould, or any other person who was employed by Frogger's. AEM further denies that it engaged or was involved in any way with any of the alleged unlawful conduct set forth in paragraphs 10-13 or any unlawful conduct. AEM denies the remaining allegations, inferences, and legal conclusions in paragraph no. 16 that concern AEM. AEM is without sufficient information or knowledge with regard to the allegations in paragraph no. 16 that concern Frogger's.

**PRAYER FOR RELIEF**

17. AEM denies that it was the employer of Deann Arcodia, Nicole Cox, Patrick Gould, or any other person employed by Frogger's. AEM further denies it engaged or was involved in any way with any of the alleged unlawful conduct alleged in this complaint or any unlawful conduct. AEM denies that Plaintiff is entitled to judgment against AEM or to any of the relief requested in the paragraphs A through I under the Prayer for Relief portion of Plaintiff's complaint or to any relief whatsoever.

**JURY TRIAL DEMAND**

18. AEM admits Plaintiff is entitled to a jury trial on those issues of fact so triable.

**TO THE COMPLAINT AS A WHOLE**

19. AEM denies each and every allegation in Plaintiff's complaint that is not expressly admitted in this answer. AEM also reserves the right to assert additional

affirmative and other defenses and matters in avoidance that may be disclosed by additional investigation and discovery.

WHEREFORE, having fully answered and responded to the allegations of Plaintiff's complaint, AEM respectfully requests that:

A.   Plaintiff's claims be dismissed with prejudice in their entirety;

B.   Each and every prayer for relief in Plaintiff's complaint be denied;

C.   Judgment be entered in favor of AEM;

D.   All costs and reasonable attorneys' fees be awarded to AEM and against Plaintiff on the grounds this action is without basis in law or fact; and

E.   The Court grant AEM such other and further relief as it deems just and appropriate.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

20.   Plaintiff failed to state a cause of action upon which relief can be granted against AEM for hostile work environment sexual harassment, discrimination or retaliation under Title VII.

### Second Affirmative Defense

21.   AEM was not or is not the employer, co-employer, or joint-employer of Deann Arcodia, Nicole Cox, Patrick Gould, or any other person employed by Frogger's and those individuals who are considered to be "similarly situated" individuals as alleged in the complaint.

### Third Affirmative Defense

22. Neither Deann Arcodia, Nicole Cox, Patrick Gould, nor any other person employed by Frogger's or who is considered to be a "similarly situated" person as alleged in this complaint ever named AEM or any entity related to AEM in a charge of discrimination. Thus, Plaintiff failed to exhaust administrative remedies and satisfy conditions precedent before filing this lawsuit against AEM.

### Fourth Affirmative Defense

23. To the extent Plaintiff's claims under Title VII concern events alleged to have occurred more than 300 days before the filing of the charges of discrimination they are time-barred, and Plaintiff is precluded from raising issues and claims regarding those allegations because Plaintiff failed to exhaust administrative remedies and satisfy conditions precedent before filing the lawsuit.

### Fifth Affirmative Defense

24. All allegations and/or claims of discrimination and/or retaliation contained in the complaint that were not included in timely filed charges of discrimination where AEM is named are barred by the applicable statute of limitations, and Plaintiff is precluded from raising issues and claims regarding those allegations because Plaintiff failed to exhaust administrative remedies and satisfy conditions precedent before filing the lawsuit.

### Sixth Affirmative Defense

25. Any alleged internal complaints by Deann Arcodia, Nicole Cox, and/or Patrick Gould, if they occurred, were not protected activity if they were not made in good

faith and no reasonable person could have objectively believed he/she was subjected to unlawful discrimination or retaliation.

### Seventh Affirmative Defense

26. Plaintiff's claims are barred against AEM because AEM exercised reasonable care to prevent and promptly correct any alleged harassing, discriminatory, and/or retaliatory behavior to the extent it had any authority or control to do so although it denies it had any control or authority over Frogger's owners and employees, and if Deann Arcodia, Nicole Cox, Patrick Gould, and any person employed by Frogger's or who is considered a "similarly situated" individual unreasonably failed to take advantage of any preventative or corrective opportunities or to avoid harm otherwise.

### Eighth Affirmative Defense

27. At all times, AEM acted in good faith and had reasonable grounds for believing that any of its acts or omissions were not a violation of Title VII.

### Ninth Affirmative Defense

28. Any back pay recovery under Title VII is limited to 2 years prior to Plaintiff's filing of a charge of discrimination.

### Tenth Affirmative Defense

29. Plaintiff cannot recover any punitive damages because any unlawful actions were contrary to AEM's good faith efforts to comply with Title VII. AEM did not engage in any intentional discriminatory practice with malice or reckless indifference to anyone's statutorily protected rights.

### Eleventh Affirmative Defense

30. There cannot be a claim for a constructive discharge under Title VII to the extent Deann Arcodia, Nicole Cox, Patrick Gould, or anyone else who is considered a "similarly situated" individual fails to show that his or her working conditions were so intolerable that a reasonable person would have felt compelled to resign.

### Twelfth Affirmative Defense

31. There cannot be a claim for a constructive discharge under Title VII against AEM because AEM lacked the authority to take any adverse employment action against Deann Arcodia, Nicole Cox, Patrick Gould, or anyone else who was employed with Frogger's or considered a "similarly situated" individual.

### Thirteenth Affirmative Defense

32. If evidence is acquired about Deann Arcodia, Nicole Cox, Patrick Gould or anyone else who was employed with Frogger's or considered a "similarly situated" individual that would have either resulted in not being hired or being terminated had Frogger's known, he or she is not entitled to damages and/or equitable relief based upon this after acquired evidence should he or she prevail.

### Fourteenth Affirmative Defense

33. To the extent Deann Arcodia, Nicole Cox, Patrick Gould or anyone else who was employed with Frogger's or considered a "similarly situated" individual failed to make any reasonable attempts to mitigate his or her damages, AEM is entitled to a setoff, should he or she prevail. In addition, any recovery must be setoff and/or reduced by wages,

commissions, pay and benefits, other earning or remunerations, regardless of form received, that were paid or due to the individual or receivable with exercise of due diligence.

### Fifteenth Affirmative Defense

34. Plaintiff is precluded from claiming a violation of Title VII on the basis of the equitable doctrines of estoppel, latches, and/or unclean hands to the extent Deann Arcodia, Nicole Cox, Patrick Gould or anyone else who was employed with Frogger's or considered a "similarly situated" individual: a) welcomed, consented to, and/or initiated the alleged conduct; b) engaged in the same or similar conduct; c) unreasonably delayed complaining about the alleged conduct; and/or d) did not cooperate in an investigation into his/her allegations.

### Sixteenth Affirmative Defense

35. Plaintiff's claim is barred if any decision at issue was based, in part, on legitimate, non-discriminatory and non-retaliatory reasons absent any alleged discrimination or retaliation.

### Seventeenth Affirmative Defense

36. There is no claim under Title VII against AEM to the extent Deann Arcodia, Nicole Cox, Patrick Gould or anyone else who was employed with Frogger's or considered a "similarly situated" individual did not suffer an adverse employment action by AEM.

Respectfully submitted,

By: s/Lori R. Benton
Lori R. Benton
Florida Bar No. 708429
FORD & HARRISON LLP
300 South Orange Avenue
Suite 1300
Orlando, FL 32801
(407) 418-2300 Telephone
(407) 418-2327 Facsimile
E-Mail: lbenton@fordharrison.com

Attorneys for Defendant AEM, Inc. d/b/a Mirabilis HR

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 21, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Cheryl A. Cooper at cheryl.cooper@eeoc.gov.

s/Lori R. Benton
Lori R. Benton

Orlando:129436.1